FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY 10  AM 10: 15

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO: 00-331 |
| v. | * | SECTION: "R" |
| JASON MASHIA | * | |

\* \* \*

**GOVERNMENT'S MOTION AND INCORPORATED MEMORANDUM
PURSUANT TO 5K1.1 OF THE SENTENCING
GUIDELINES AND POLICY STATEMENTS
<u>PROMULGATED BY THE UNITED STATES SENTENCING COMMISSION</u>**

**NOW INTO COURT** comes the United States of America, appearing herein by and through the undersigned Assistant United States Attorney, who respectfully requests the following:

I.

The United States Probation Office for this District has calculated, based on the total offense level of 31 and a criminal history category of VI, the defendant's sentencing guideline range is 188 to 235 months imprisonment. The United States Attorney's Office agrees with this calculation. Should the Court determine that this calculation is correct, the Government would ask the

DATE OF ENTRY
MAY 1 0 2001

Fee
Process
X Dktd
CtRmDep
Doc.No.

Court to consider this motion as a request for a departure pursuant to Section 5K1.1 of the Sentencing Guidelines. The Government respectfully request that the Court depart downward and sentence defendant to a period of 110 months incarceration.

## II.

This defendant turned himself in to agents of the Drug Enforcement Administration (DEA) and began cooperating immediately after being arrested in this matter. He subsequently pleaded guilty to Count four of the indictment. He is scheduled for sentencing on May 9, 2001.

## III.

Mashia worked as a confidential informant for DEA by providing information and setting up drug deals with past drug trafficking associates. As a result of his cooperation, one of his associates was arrested and a ½ kilogram of cocaine and a 2000 Nissan Maxima GLE were seized. Mashia has agreed to testify in the state trial (<u>State v. Page</u>). Additionally, Mashia agreed to testify against a defendant in a related federal case (<u>U.S. v. Quinones</u>, 00-336 "N"). However, the defendant plead guilty.

This defendant was debriefed on several occasions, and gave information concerning drug trafficking in St. Charles, Jefferson and Orleans Parishes. This information was used to corroborate facts known or believed by agents and officers in ongoing

investigations. Agents found his information to be truthful and believe that it will be useful in the future.

We submit that all of the above cooperation of Jason Masia could be classified as substantial. The United States Code does not provide guidance as to the meaning of "substantial assistance". However, Section 5K1.1 of the sentencing guidelines promulgated by the United States Sentencing Commission states that the Court, in making that determination may consider the following.

> 1. The significance and usefulness of the assistance, taking into consideration the Government's evaluation of such assistance.
>
> 2. The truthfulness, completeness, and reliability of any information or testimony provided by the defendant.
>
> 3. The nature and effect of the defendant's assistance.
>
> 4. Any injury suffered, or any danger or risk of injury to the defendant or his/her family resulting from this assistance.
>
> 5. Finally, the timeliness of the defendant's assistance.

The Government submits that considering all of the above criteria, this defendant's cooperation should be considered substantial.

According to the commentary of 5K1.1, substantial weight should be given to the Government's evaluation of the extent of

defendant's assistance, especially where the extent and value of the assistance are difficult to ascertain.

IV.

Notwithstanding this motion by the Government, this Honorable Court must still conduct its own inquiry into the extent of a defendant's cooperation. As provided in the Commentary to Section 5K1.1 of the guidelines, if this Court should determine that a departure is warranted, it must state the reasons for reducing the otherwise applicable sentence in accordance with Section 5K1.1.

WHEREFORE, the Government respectfully requests that the cooperation rendered by Jason Mashia be taken into consideration by the Court in determining that a departure from the guidelines and a sentence of 110 months of incarceration is warranted; and, furthermore, that this motion and attached order be **SEALED**.

Respectfully submitted,

EDDIE J. JORDAN, JR.
UNITED STATES ATTORNEY

_____
Tracey N. Knight (23165)
Assistant U.S. Attorney
501 Magazine Street
New Orleans, LA  70130
Tel: (504) 680-3080

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all parties by mailing same to each, properly addressed and postage prepaid, this 2nd day of _____May_____, 2001.

_____
Assistant United States Attorney

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO: 00-331 |
| v. | * | SECTION: "R" |
| JASON MASHIA | * | |

\* \* \*

<u>O R D E R</u>

Considering the foregoing:

**IT IS HEREBY ORDERED** that the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant, Jason Mashia, be sentenced to a term of imprisonment of _____ months under the conditions that will be listed in the Order of Judgment;

**IT IS FURTHER ORDERED** that the Government's motion and this order, except for a copy to be provided to the Government, the defendant's attorney, and the United States Probation Office, be **SEALED**.

New Orleans, Louisiana, this ____ day of May, 2001.

_____
UNITED STATES DISTRICT JUDGE